# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| TOMMY D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-00442-CV-RK |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| ACTING COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying supplemental security income and disability insurance benefits. The decision of the Commissioner is **AFFIRMED.**

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however for consistency purposes, the case style in this legal action remains as originally filed.

outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: post right rotator cuff repair, degenerative disc disease, borderline intellectual functioning, and an affective disorder. The ALJ determined that Plaintiff has the following non-severe impairments: hypertension, hepatitis C, and substance abuse disorders. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that, despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with limitations. Although the ALJ found Plaintiff unable to perform any past relevant work, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a wrapping machine operator, collator operator, or electrical assembler. Therefore, the ALJ determined Plaintiff was not disabled, as defined in the Act, from August 2, 2013, through the date of the ALJ's decision.

In Plaintiff's appeal of the ALJ's decision, Plaintiff's strongest argument is whether substantial evidence supports the ALJ's conclusion that Plaintiff's impairments do not meet the requirements of Listing 12.05(C). Plaintiff's argument, however, is not persuasive. Listing 12.05(C) requires a claimant to demonstrate, "significantly sub-average general intellectual functioning with deficits in adaptive functioning." *Scott v. Berryhill,* 855 F.3d 853, 856 (8th Cir. 2017) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.05(C)) (internal quotations omitted). Here, Dr. Israel found Plaintiff is able to understand and remember instructions, maintain concentration and persistence with tasks, interact socially, and adapt to a work-related environment. The consultative psychologist assessed the Plaintiff with a Global Assessment of Functioning ("GAF") of sixty-five (65), indicating mild symptoms. Therefore, substantial evidence supports the ALJ's determination that Plaintiff's impairments did not meet the criteria

for Listing 12.05(C). Upon review of the parties' briefs and the record, Plaintiff's other arguments are without merit.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 18, 2017